UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action
No:

**COMPLAINT OF JAMES R. SULLIVAN
FOR EXONERATION FROM OR
LIMITATION OF LIABILITY,
CIVIL AND MARITIME**

### TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT IN AND FOR THE DISTRICT OF MASSACHUSETTS

1. Now comes the Plaintiff, James R. Sullivan, in the above-entitled action, by and through his undersigned counsel, Clinton & Muzyka, P.C., and files his Complaint for Exoneration from and/or Limitation of Liability as a result of the M/V MER SEA's (O.N. 1295163) (hereinafter "the Vessel") allision with a submerged object in proximity with the entrance to Sesuit Harbor in Massachusetts, in a cause of limitation of liability, Civil and Maritime, and alleges on information and belief as follows:

### JURISDICTION

2. This is a Complaint for Exoneration from and/or Limitation of Liability pursuant to 46 U.S.C. §§ 30501 *et seq.* and Supplemental Admiralty Rule F. This Court has admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

### LIMITATION OF LIABILITY

3. James R. Sullivan is a resident of 5 Pondview Avenue, Medfield, Massachusetts 02052 and was and now is the Vessel's sole owner.

4. At all material times herein, the Vessel was and now is a 25-foot Motor Vessel, of 8 Gross Tons with a raked bow, center console, twin 250 HP Yamaha outboard engines, and of monohull configuration. The Vessel is of fiberglass construction. The Vessel has a Home Port of Sesuit Harbor, Massachusetts.

5. On or about July 21, 2023, the Vessel was underway into Sesuit Harbor's entrance. The Vessel was tight, strong, fully manned, equipped and supplied, and in all respects seaworthy and fit for the service in which it intended to engage.

6. Upon information and belief, and on or about July 21, 2023, the Vessel allided with a submerged object in proximity with the entrance to Sesuit Harbor (the "Incident").

7. Upon information and belief, the Vessel was and now is damaged, in partial loss, and with no pending freight.

8. It is expected that several claims will be asserted in the future against James R. Sullivan and/or the Vessel for personal injuries/death and/or property damage sustained by other persons and property as a result of the Incident (the claimants and potential claimants are hereinafter referred to as the "Claimants").

9. Upon information and belief, the incident and resulting loss, damage, and injuries/death were not caused by or contributed to by any negligence or fault on the part of James R. Sullivan and/or the Vessel or of those whom James R. Sullivan and/or the Vessel are responsible and James R. Sullivan denies any such loss, damage, and injury damage or personal injury and death were done, occasioned by, or occurred with any privity or knowledge of James R. Sullivan.

10. No civil actions, to James R. Sullivan's knowledge, have today been commenced for the loss, damage or injuries/death resulting from this Incident. James R. Sullivan fears that

libels, civil actions, or claims may be filed, begun or asserted against him and/or the Vessel and on behalf of Claimants for alleged injuries, death and damages sustained as a result of the Incident.

11. It is estimated that the Vessel's value immediately following the Incident was and now is approximately SEVENTY-FIVE THOUSAND AND 00/100 Dollars ($75,000.00).

12. James R. Sullivan claims exemption from liability for any and all loss, destruction, damage, personal injury, and/or death occasioned or incurred by or resulting from the Incident and for all claims for damages that have been made or may hereafter be made, and by reason of the facts hereinbefore set forth. James R. Sullivan desires in this proceeding to contest his liability and the Vessel's liability to any extent whatsoever for any and all loss, damage, personal injury, and/or death caused by or resulting from the matters aforesaid.

13. Not admitting, but denying any liability of himself or of the Vessel for any loss, damage personal injury, and/or death occasioned or incurred by reason of the Incident aforesaid or subsequent damages resulting therefrom, James R. Sullivan further claims the benefits of the Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq.* and the various statutes amendatory thereof and supplementary thereto, and to that end, James R. Sullivan is ready and willing to give a sufficient surety for the amount or value, if any, of his interest in the Vessel, together with her pending freight, if any, whenever the same shall be ordered by the General Admiralty Rules and the practice of this Honorable Court.

14. All and singular the premises are true and within admiralty and maritime jurisdiction of the United States and this Honorable Court.

    **WHEREFORE,** the Plaintiff, James R. Sullivan, prays:

(1)  That the Court cause due appraisement to be made of the amount or value of James R. Sullivan's interest in the M/V MER SEA and her pending freight, if any;

(2)  That the Court issue an Order directing James R. Sullivan to file a Stipulation with surety or other security to be approved by the Court, for the payment into Court of the amount of his interest in the said M/V MER SEA whenever the Court shall so order or issue an order excusing James R. Sullivan from furnishing a Stipulation;

(3)  That the Court issue an Order directing the issuance of a Monition to all persons claiming damages for any and all loss, damage, personal injury, death or destruction done, occasioned or incurred by or resulting from any claim or casualty arising out of the aforesaid Vessel allision on or about July 21, 2023, citing them to file with the Clerk of this Court in said order and make due proof of their respective claims, and also to appear and answer the allegations of this Complaint according to the law and practice of this Court at or before a certain time to be fixed by the Monition;

(4)  That the Court make an order directing that on the giving of such a stipulation, or transfer of James R. Sullivan's interest in the Vessel to a trustee as may be determined to be proper, other security as may be determined to be proper, or the Court making an order excusing James R. Sullivan from giving a stipulation, an Injunction shall issue, restraining the prosecution of all actions, suits or other proceedings arising out of or occasioned by or consequent upon any claim or casualty arising out of the aforesaid Vessel allision on July 21, 2023, as stated in the Complaint, and the commencement or prosecution hereafter of any suit, action or legal proceeding against James R. Sullivan in respect of any claim or claims arising out of the aforesaid allision;

(5)  That the Court in these proceedings will adjudge that James R. Sullivan is not liable to any extent for any loss, damage, personal injury, death or for any claim whatsoever in any way arising out of or in consequence of the aforesaid Vessel's allision on July 21, 2023, or if he shall be adjudged liable, then such liability shall be limited to the amount of his interest in the M/V MER SEA on July 21, 2023, if any, and that a decree may be entered discharging James R. Sullivan from any and all further liability; and

(6)  That James R. Sullivan may have such other or further relief as the justice of the cause may require.

5

By: _____
**JAMES R. SULLIVAN**

and

By his attorneys,
**CLINTON & MUZYKA, P.C.**

_/s/ Thomas J. Muzyka_____
**Thomas J. Muzyka**
**BBO NO: 365540**
**John J. Bromley**
**BBO NO: 672134**
Board of Trade Building
One India Street, Suite 200
Boston, MA 02109
Tel: (617)723-9165
Fax: (617) 720-3489
tmuzyka@clinmuzyka.com
jbromley@clinmuzyka.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, **JAMES R. SULLIVAN**, declare under the penalty of perjury:

1. I am an individual and citizen of the United States.

2. My residential address is 5 Pondview Avenue, Medfield, Massachusetts 02052 and I am the sole owner of the M/V MER SEA (O.N. 1295163) and am the Plaintiff herein.

3. I have read the foregoing Complaint and I know the contents thereof and the same are true to the best of my own knowledge, except as the matters therein stated to be upon information and belief and unto those matters, I believe them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 12, 2024.

Respectfully Submitted,

**PLAINTIFF,
JAMES R. SULLIVAN**